UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

BRENT NELSON,

           Plaintiff,

           v.

RYAN SMITH and JOHN GUARINO,

           Defendants.

CASE NO. C06-00432RSM

ORDER OF DISMISSAL

## **I. INTRODUCTION**

This matter comes before the Court on defendants' Motion to Dismiss. (Dkt. #10). On March 28, 2006, plaintiff filed a complaint under 42 U.S.C. § 1983 alleging that defendants violated his 5th and 14th Amendment due process rights. Plaintiff claims that the judgments obtained by defendants against him in King County Superior Court were the result of erroneous procedures by both the Washington State Court of Appeals and the King County Superior Court. Plaintiff asserts that he was deprived of due process when the trial court entered judgment without affording him the opportunity to present an affirmative defense. As a result, plaintiff contends that defendants violated his civil rights both by utilizing the court process to obtain the judgments and by taking steps to collect on them. On August 3, 2006, defendants filed the instant motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Defendants argue that plaintiff's complaint fails to state a § 1983 claim because: (1) defendants' use of the state's dispute resolution machinery and post-judgment remedies does not constitute action under "color of law" for § 1983 purposes; and (2) even if the actions were accomplished under "color of law," they did not cause the alleged constitutional injury.

ORDER
PAGE – 1

Plaintiff filed an opposition brief, and defendants have filed a reply. The Court has reviewed the briefs, along with the remainder of the record. For the reasons discussed below, the court agrees with defendants and DISMISSES this action.

## II. DISCUSSION

**A. Background**

In 1995, defendants Ryan Smith and John Guarino founded Interactive Objects, Inc. ("IO"), a startup technology company. Smith and Guarino were both board members as well as the CEO and Vice President of Product Development, respectively. As founders, both received shares in the company. In 1998, plaintiff Brent Nelson was appointed to the company as an outside director.

Defendants' tenure at management was not successful. In October 1998, defendants resigned under pressure from the European investors and the Board of Directors. Subsequently, IO began negotiations with defendants to repurchase their company stock. During this time plaintiff was an outside director and involved in the negotiation process. Meanwhile and unbeknownst to defendants, IO had signed a letter of intent to merge with a company called Avatar on November 19, 1998. In early 1999, IO reached a settlement agreement with defendants that included severance, indemnity from Directors and Officers liability, and a stock repurchase plan. On April 19, 1999, IO issued a press release announcing the Avatar merger. Shortly thereafter, defendants filed a lawsuit in King County Superior Court against IO and its directors, including plaintiff, alleging fraud and violations of the Washington State Securities Act.

At the bench trial, the court granted plaintiff's motion for directed verdict/dismissal. The matter proceeded against the remaining IO directors. At the end of the trial, the court found in favor of IO, dismissing defendants' claims. However, the Washington State Court of Appeals reversed the dismissal and remanded the matter, directing entry of judgment against plaintiff and the other IO directors. *See Guarino v. Interactive Objects*, 86 P.3d 1175 (Wash. Ct. App. 2004). On remand, the trial court entered judgment against plaintiff in favor of defendants. On January 17, 2006 defendants applied for and obtained orders for supplemental proceedings to seize plaintiff's property in order to satisfy their judgment. In response, plaintiff filed the instant action.

ORDER
PAGE – 2

**B. Legal Standard**

In the context of a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief may be granted, the Court must (1) construe the complaint in the light most favorable to plaintiff; (2) accept all well-pleaded factual allegations as true; and (3) determine whether the plaintiff can prove any set of facts to support a claim that would merit relief. *See Cahill v. Liberty Mut. Ins. Co.*, 80 F. 3d 336, 337-38 (9th Cir. 1996). The purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of the complaint. *North Star Intern. v. Arizona Corp. Comm'n,* 720 F.2d 578, 581 (9th Cir. 1983). When a complaint is dismissed for failure to state a claim, "leave to amend should be granted unless the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986). Leave to amend is properly denied "where the amendment would be futile." *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992).

**C. 42 U.S.C. § 1983 Claim**

In order to state a claim under § 1983, the plaintiff must show two essential elements: (1) that the defendants acted under color of state law; and (2) that the defendants caused the plaintiff to be deprived of a right secured by the Constitution and laws of the United States. *Howerton v. Gabica*, 708 F.2d 380, 382 (9th Cir. 1983). Under the first prong, the party charged with the constitutional deprivation must be a person who may fairly be said to be a "state actor." *Lugar v. Edmonson Oil Co.*, 457 U.S. 922, 937 (1982). This requirement is necessary because "§ 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (citation and internal quotation marks omitted). Therefore, when determining whether a private party acted under color of law, a court "start[s] with the presumption that private conduct does not constitute governmental action." *Sutton v. Providence St. Joseph Med. Ctr.*, 192 F.3d 826, 835 (9th Cir. 1999); *see Harvey v. Harvey*, 949 F.2d 1127, 1130 (11th Cir. 1992) (noting that "[o]nly in rare circumstances can a private party be viewed as a 'state actor' for section 1983 purposes."); *Price v. Hawaii*, 939 F.2d 702, 707–08 (9th Cir. 1991) (explaining that "[p]rivate parties are not generally acting under color of state law."). Private parties may be deemed to have acted under color of law in two circumstances: when they

conspire with state officials, or when they willfully engage in joint activity with the state or its agents. *See Dennis v. Sparks*, 449 U.S. 24, 27–28 (1980); *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 152 (1970).

Here, plaintiff does not allege that defendants conspired with state officials in any way. Rather, plaintiff argues that defendants' participation in state court litigation and subsequent post-judgment collection procedures constitutes joint activity with the state sufficient to characterize defendants as "state actors." Contrary to plaintiff's position, it is well established that mere recourse to state court procedures does not by itself constitute "joint activity" with the state and subject a private party to liability under § 1983. *See, e.g., Sullivan*, 526 U.S. at 54 (explaining that a private party's mere use of the state's dispute resolution machinery alone cannot be considered state action); *Dennis*, 449 U.S. at 28 (explaining that "merely resorting to the courts and being on the winning side of a lawsuit does not make a party a co-conspirator or a joint actor with the judge."); *Hollis v. Itawamba County Loans,* 657 F.2d 746, 749 (5th Cir. 1981) (noting that "no state action is involved when the state merely opens its tribunals to private litigants."). Furthermore, the state's authorization of foreclosure procedures and sheriff sales in the execution of a judgment is not sufficient to constitute state action and maintain a § 1983 action. *Harper v. Fed. Land Bank of Spokane*, 878 F.2d 1172, 1178 (9th Cir. 1989); *see Roudybush v. Zabel*, 813 F.2d 173, 177 (8th Cir. 1987). Consequently, neither the defendants' invocation of the state's dispute resolution machinery, nor their utilization of post-judgment procedures to satisfy their judgment constitutes state action under § 1983.

Plaintiff's argument relies mainly on *Lugar v. Edmonson Oil*, *supra*. In that case, the Supreme Court found state action where a creditor's pre-judgment writ of attachment was executed by the county sheriff. 457 U.S. at 942. However, the Court explicitly limited its holding to "the particular context of *prejudgment* attachment" and cautioned that "we do not hold today that a private party's mere invocation of state legal procedures constitutes joint participation or conspiracy with state officials satisfying the § 1983 requirements of action under color of law." *Id.* at 939 n.21 (emphasis added). This limitation makes sense because it is the absence of adversary adjudication *prior* to deprivation of property that triggers constitutional due process concerns. Here, plaintiff is essentially attempting to hold defendants

liable for the state court's judgment, which allegedly violated his due process rights, and the subsequent *post-judgment* proceedings. The reasoning in *Lugar* does not apply to the facts of this case. If this Court were to recognize a § 1983 claim on these facts, then every aggrieved state court litigant could challenge the judgment through the federal courts by bringing a § 1983 action against their adversary. *See Torres v. First State Bank of Sierra County*, 588 F.2d 1322, 1326 (10th Cir. 1978). Section 1983 was simply not intended to create such broad jurisdiction.

Plaintiff's complaint also fails to satisfy the second prong of a § 1983 claim because it does not establish that the defendants' conduct itself caused the deprivation of a constitutional right. Plaintiff alleges that the constitutional injury stems from the entry of judgments against him when he was not afforded the opportunity to present a defense to defendants' claims. But defendants' have neither the authority nor ability to deprive plaintiff of due process by entering judgment against him. This power lies with the state courts. Plaintiff's proper recourse to address this alleged deprivation of rights is through a motion for reconsideration and appeal, not re-examination by a federal court. In addition to failing to establish that defendants acted under the color of state law, plaintiff has also failed to show that their actions caused the alleged constitutional injury. Thus, plaintiff's complaint is fatally flawed and will be dismissed.

Finally, the Court finds that leave to amend in this case would be futile because there are no facts under these circumstances to support a claim that would merit relief.

### III. CONCLUSION

Having reviewed defendants' motion, plaintiff's opposition, defendants' reply, and the remainder of the record, the Court does hereby ORDER:

(1) Defendants' Motion to Dismiss (Dkt. # 10) is GRANTED, and this case is DISMISSED.

(2) The Clerk is directed to send a copy of this Order to all counsel of record.

DATED this   19   day of September, 2006.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER
PAGE – 5